ESTATE OF SCHEFTELS: CITIZENS TRUST COMPANY, Appellant, vs. SCHEFTELS, Respondent.

*December 10, 1909—January 11, 1910.*

*Executors and administrators: Payment of claims: Appeal from county court: Affirmance on motion: Harmless errors.*

1. Where a claim against an estate was allowed in the county court and the time for filing claims had expired and money was in the executor's hands in excess of all claims, the executor was bound to pay such claim, and was not excused from doing so by the fact that, before the time for filing claims had expired, he had paid to legatees all moneys in his hands to an amount in excess of the claims filed, without an order of court but with his co-executor's consent.

2. On appeal to the circuit court from an order of the county court commanding an executor to pay. an allowed claim, the claimant procured an order to show cause, based on facts stated in the appellant's answer, why the order should not be affirmed. The order to show cause was required to be served at least twenty-four hours before hearing, but was served five days theretofore. On the return day the executor objected that the action should be placed on the calendar for trial, but this objection was overruled and judgment entered affirming the order of the county court. *Held*, that as this judgment was correct on the merits any technical errors in the summary procedure were not ground of reversal, in view of sec. 2829, Stats. (1898), and sec. 3072*m*, Stats. (Laws of 1909, ch. 192, sec. 1).

APPEAL from a judgment of the circuit court for Milwaukee county: WARREN D. TARRANT, Circuit Judge. *Affirmed.*

One *Flora E. Scheftels* having presented and procured the allowance of a claim for $2,560, and the time for filing claims having expired, and only one other small claim having been allowed, and the inventory showing personal property in the hands of the executor far in excess of said claims, said *Flora* made petition to the county judge showing such facts in detail and praying that the executors be ordered to pay her claim. To this only the appellant, one of the executors, made answer, setting forth as an excuse that it had before the time for filing

claims had expired paid to specific and residuary legatees all moneys in its hands in an amount far in excess of the claims filed, without any order of court, but with consent of the other executor; that certain real estate still remains undisposed of, but of problematical value. Upon this answer, and certain additional affidavits offered by the claimants in contradiction of some of its statements, the county court entered an order that the *Citizens Trust Company,* as executor, forthwith pay said claim with interest and costs. From such order the *Citizens Trust Company* appealed to the circuit court.

After the return from county court had been filed in circuit court, the claimant and respondent in that court procured an order to show cause upon the record why judgment should not be entered affirming the order of the county court. Such order required that it be served at least twenty-four hours before the time set for hearing. It was in fact served some five days before. On the return day formal protest to the hearing of said motion was made on the ground that the action should be placed on the term calendar for trial. The matter was postponed for consideration and said objections were overruled, and on June 2, 1909, an order was entered for the entry of judgment affirming the order of the county court appealed from, which judgment was thereupon duly entered, and from it the *Citizens Trust Company,* as executor, appeals.

For the appellant there was a brief by *Nath. Pereles & Sons,* attorneys, and *Charles S. Carter,* of counsel, and oral argument by *Mr. Carter.*

For the respondent there was a brief by *Doe & Ballhorn,* and oral argument by *J. B. Doe.*

DODGE, J. The answer of appellant stated facts from which a clear duty to pay the petitioner's claim arose. The court merely enforced an admitted duty after due notice and reasonable opportunity for the executor to be heard. No suggestion was made of any desire to amend the answer or change

that admission.    Whether or not some technicalities of proce-
dure were ignored in this summary and expeditious disposi-
tion of the action is not very material, for the record before us
discloses no injustice to the appellant.    It is at most required
to perform only its legal duty.    Such a situation is fully
within the letter and the spirit of sec. 2829, Stats. (1898),
and sec. 3072m, Stats. (Laws of 1909, ch. 192, sec. 1), which
forbid us to reverse a judgment in the absence of apparent
prejudice.

By the Court.—Judgment affirmed.